Jack Stanislaw, J.
Belying upon the tolling of the Statute of Limitations, the defendant Suffolk County Federal Savings & Loan Association moves to dismiss this complaint.
In 1952 plaintiffs Zipperer obtained a mortgage from the defendant bank, and in connection with that transaction paid $10 to the bank to cover accrued or soon accruing real estate taxes on the property. Soon after the bank paid this sum to the tax receiver it was returned with the notation that the taxes had already been liquidated. Apparently this statement was erro *173 neons and actually referred to other property. In any event, this property was later sold for the nonpayment of these taxes, although plaintiffs subsequently paid all such taxes and had no notice of the 1953 tax sale or the issuance of a tax deed thereon in 1957. The mix-up was uncovered in 1964, and plaintiffs have sued the bank as well as the town and the owner of the property through and by virtue of the 1957 tax deed.
Without conceding the general efficacy of the bank’s argument, plaintiffs nevertheless rely upon exceptions to the measuring period as set forth in CPLR 203 (subd. [f]) and CPLR 206 (subd. [a]). That is, they compute the statutory period as from the time they discovered the facts, as briefly stated above (CPLR 203, subd. [f]), and then made a demand based thereon (CPLR 206, subd. [a]).
Three causes of action are specified in the complaint. The first is addressed to the invalidity of the tax sale, the tax deed and the lack of status of the present owner who relies upon that chain of title. The second cause of action relates to the 1 ‘ error, inability and neglect ’ ’ on the part of the bank in causing the adverse tax chain of title to arise, and the third refers to the bank’s alleged breach of a duty to pay the 1952-1953 taxes. The first cause of action is apparently not involved in this motion.
We fail to perceive any actual or theoretical need for any demand on the part of the plaintiffs so as to bring the period of limitation within the provisions of CPLR 206 (subd. [a]). The commencement of the action was not subject to a condition precedent in the nature of a demand, as a procedural matter. To the extent that CPLR 206 (subd. [a], par. 1) allows for the computation of time following discovery of facts upon which the demand depends vis-a-vis a fiduciary, it is nevertheless inapplicable here where the plaintiff’s right is independent of a demand.
It is fairly certain that plaintiffs only recently, in 1964, discovered the facts upon which their action is based. But, inasmuch as they do not allege fraud in their complaint against the bank, plaintiffs gain no advantage from the discovery accrual rule just made specifically applicable only to actions for actual fraud (CPLR 213, subd. 9, as added by L. 1965, ch. 248, eff. Sept. 1, 1965; see, also, Guild v. Hopkins, 271 App. Div. 234; De Vito v. New York Cent. System, 22 A D 2d 600; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 206.02).
The motion must be granted as to the second and third causes of action.